IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMIAH FRANCIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-05-357-F |
| | ) | |
| EDWARD L. EVANS,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a "Response to Writ of Habeas Corpus with Motion to Dismiss and Brief in Support" (hereinafter Respondent's Motion), seeking dismissal of the petition for failure to exhaust state court remedies, and alternatively, on the ground the petition is moot. To date, Petitioner has neither replied nor sought an extension of time in which to do so. Thus, the case is at issue. For the reasons set forth below, the undersigned recommends that the petition be denied as moot.

In his petition, filed March 30, 2005, Petitioner claims that a misconduct conviction for the offense of possession/manufacture of contraband possession/manufacture of contraband was remanded for a rehearing by the Director's Designee on September 17,

---

[1]Petitioner is currently incarcerated at the Lawton Correctional Facility (LCF), a private prison, and he named Ron Ward, Director of the Oklahoma Department of Corrections (DOC), as Respondent. However, since the filing of the instant petition, Ron Ward has retired, and thus, Edward L. Evans, the Interim Director of DOC, has been substituted as Respondent. Fed. R. Civ. P. 25(d)(1).

2004. Petition at 2 and attached Exhibit A.[2] According to Petitioner, no such rehearing has been held as of the date this action was filed. Petitioner contends that Oklahoma Department of Corrections (DOC) policies, specifically OP-060125 (V)((B)(3) requires that absent exception circumstances, any rehearing ordered by the Director or Designee must be conducted within 90 days from the date of the order. Petition at 2. Petitioner asserts that prison officials' failure to comply with the order for rehearing within the time allowed by DOC policies violated his right to due process. *Id.* Petitioner requests that the misconduct conviction be expunged, the lost credits (365) returned, and that he be returned to his "former status." *Id.* at 3.

## Discussion

Respondent contends that the petition is moot as a result of decision by the head of ACC, where Petitioner was incarcerated at the time of the misconduct conviction and the resulting removal of 365 credits, to dismiss the disciplinary action rather than conduct a rehearing. Respondent has submitted a misconduct appeal form showing that on May 6, 2005, the misconduct conviction challenged by Petitioner was dismissed. Respondent's Motion, Ex. 5. Additionally, Petitioner's consolidated record reflects that the 365 earned credits were returned in May 2005. *Id.*, Ex. 1.

---

[2]The record shows that on July 6, 2004, a disciplinary hearing was held at the Avalon Correctional Center (ACC), where Petitioner was incarcerated when the offense occurred, and Petitioner was found guilty of possession/manufacture of contraband. Respondent's Motion, Ex. 2 at 10. Petitioner appealed and the facility head ordered a rehearing. Respondent's Motion, Ex. 3 at 1-4. The rehearing was held on July 29, 2004, and Petitioner was found guilty. Respondent's Motion, Ex. 2 at 11. As a result, Petitioner lost 365 credits, was placed in disciplinary segregation for 30 days, and restricted to classification level one for 90 days. *Id.* Petitioner appealed and the facility head and the warden affirmed the conviction. Respondent's Motion, Ex. 3 at 7-11 and 12. On September 22, 2004, the Director's Designee remanded for a rehearing. Respondent's Motion, Ex. 3 at 13.

A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citation omitted).[3] This requirement means that the plaintiff must have suffered an actual injury which can "'be redressed by a favorable judicial decision.'" *Id*. As noted by the Supreme Court, the "'case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a "personal stake in the outcome" of the lawsuit.'" *Id*. (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

Petitioner has failed to respond to Respondent's argument that the petition is now moot. The record before the Court shows that 365 credits, the total amount of credits lost as a result of the misconduct conviction in 2004 at ACC, have been restored to Petitioner's sentence calculation record. Respondent's Motion, Ex. 1. Therefore, Petitioner has been afforded the remedy he seeks in the instant habeas petition.[4]

---

[3] The *Spencer* Court found moot a habeas petitioner's challenge to the revocation of his parole, after the petitioner had completed serving both his jail and parole terms because the petitioner faced no collateral consequences from the allegedly improper parole revocation. *Spencer*, 523 U.S. at 14-16. The Court rejected as too speculative the possibility that the petitioner's parole revocation could affect future parole determinations should he be rearrested. *Id.* at 14.

[4] Although Petitioner requested that his "former [earned credit] status be restored, the record shows that on the date of the initial misconduct report, June 25, 2004, Petitioner was classified at level one. Respondent's Motion, Ex. 1. Therefore, Petitioner did not receive a reduction in credit level as a result of the misconduct conviction. In any event, under Oklahoma law, an inmate's assignment to a particular security classification level, and the corresponding right to earn credits, is discretionary and subject to subjective criteria. Once assigned to a particular classification level, whether an inmate will remain at that particular level is likewise subject to a myriad of subjective criteria. "Accordingly, a prisoner in Oklahoma is never guaranteed a particular classification; rather, assuming a prisoner meets all relevant criteria, he may be assigned to a class in which he can earn good-time credits." *Hudson v. Ward*, No. 03-7117, 2005 WL 348399 (10th Cir. Feb. 14, 2005) (This unpublished decision is cited as persuasive authority pursuant tot Tenth Circuit Rule 36.3.). Therefore, there is no evidence that the issues raised by Petitioner have not been rendered moot by the restoration of the 365 credits lost as a result of the 2004 misconduct conviction at ACC.

Accordingly, the undersigned finds that the petition no longer presents an Article III case or controversy for judicial review, and the case should be dismissed as moot. *See McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) ("[W]hen a favorable decision will not afford plaintiff relief, and plaintiff's case is not capable of repetition yet evading review, we have no jurisdiction under Article III."). Because the habeas petition is moot, it should be dismissed. *See Hayes v. Evans*, 70 F.3d 85, 86-87 (10th Cir. 1995) (holding that a moot habeas petition should be dismissed, rather than denied).

## Recommendation

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be dismissed as moot. Petitioner is advised of his right to object to this Report and Recommendation by the __31__ day of August, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner must file any objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __16__ day of August, 2004.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE